UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

KENNETH SMILEY, JR.,

    Plaintiff,                                      Case No. 3:14-cv-271

vs.

THE CITY OF DAYTON,                 District Judge Walter H. Rice
                                                               Magistrate Judge Michael J. Newman

    Defendant.

---

**REPORT AND RECOMMENDATION[1] THAT: (1) THIS CASE BE DISMISSED WITHOUT PREJUDICE FOR LACK OF SUBJECT MATTER JURISDICTION THUS RENDERING DEFENDANT'S MOTION TO STAY MOOT; AND (2) THIS CASE BE TERMINATED ON THE COURT'S DOCKET**

---

       This civil case is presently before the Court following the undersigned's issuance of an Order directing the parties to show cause as to why this case should not be dismissed for lack of subject matter jurisdiction. Doc. 15. Both parties filed responses to the Show Cause Order. Doc. 16, 17. Having carefully reviewed the parties' responses, the undersigned -- for the reasons set forth in the Show Cause Order, doc. 15 at PageID 167-69 -- **RECOMMENDS** that this case be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction and **TERMINATED** on the Court's docket. Such a recommendation, if adopted, would render the City's motion to stay moot.

Date:   April 7, 2015                                *s/ Michael J. Newman*
                                                              Michael J. Newman
                                                              United States Magistrate Judge

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

## **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report and Recommendation is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F), and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  As is made clear above, this period is likewise extended to **SEVENTEEN** days if service of the objections is made pursuant to Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).