IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KENNETH SMILEY, JR., dba
KEN'S KARS

    Plaintiff,

v.

CITY OF DAYTON, OHIO, et al.,

    Defendants.

:
:
:
:
:

Case No. 3:14-cv-271

JUDGE WALTER H. RICE

---

DECISION AND ENTRY SUSTAINING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS REQUESTING DISMISSAL OF PLAINTIFF'S CLAIM FOR PUNITIVE DAMAGES (DOC. #61)

---

This matter is currently before the Court on Defendant City of Dayton's Motion for Judgment on the Pleadings Requesting Dismissal of Plaintiff's Claim for Punitive Damages. Doc. #61. Plaintiff's Amended Complaint alleges that, in taking his property without just compensation, the City engaged in "knowing, intentional and willful gross violations" of his constitutional rights. Plaintiff seeks compensatory and punitive damages. Doc. #13, PageID#152. Defendant argues that, because municipalities are immune from claims for punitive damages, Plaintiff's claim for punitive damages is subject to dismissal pursuant to Federal Rule of Civil Procedure 12(c).

Motions for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) are analyzed under the same standard as motions to dismiss under Federal

Rule of Civil Procedure 12(b)(6). *See Warrior Sports, Inc. v. National Collegiate Athletic Ass'n*, 623 F.3d 281, 284 (6th Cir. 2010). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 582 (6th Cir. 2007) (internal citation and quotation marks omitted). However, the court need not accept as true legal conclusions or unwarranted factual inferences. *Id.* (citing *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999)).

To withstand a Rule 12(c) motion for judgment on the pleadings, "a complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory." *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007). "The factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, *i.e.*, more than merely possible." *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).[1]

---

[1] Citing *EEOC v. J.H. Routh Packing Co.*, 246 F.3d 850, 852 (6th Cir. 2001), Defendant argues that "[i]n order to grant a motion for judgment on the pleadings, the court must determine that the plaintiff can prove no set of facts in support of the claim that would entitle him to relief." Respectfully, the Court notes that this standard, first set forth in *Conley v. Gibson*, 355 U.S. 41 (1957), was abrogated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), nearly ten years ago.

2

The law is well-settled that municipalities are immune from punitive damages under § 1983. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981). Plaintiff notes, however, that punitive damages may be awarded against government officials in their individual capacities. *Id.* at 269. The Amended Complaint asserts claims against John/Jane Does 1-20, City employees who were involved in the appropriation of Plaintiff's property. Plaintiff maintains that he is still attempting to identify these employees through depositions, and will then seek leave to amend his Complaint to add these individuals as defendants. On these grounds, Plaintiff argues that Defendant's motion must be denied.

For several reasons, the Court rejects Plaintiff's arguments. The deadline for discovery expired months ago. *See* Docs. ## 33, 51. Moreover, under the applicable version of Fed. R. Civ. P. 4(m), Plaintiff had only 120 days from the filing of the January 22, 2015, Amended Complaint to substitute named individuals for the John/Jane Doe defendants and serve them with the summons.[2] Given that trial in this case is set for January 23, 2017, just one month from now, it would be highly prejudicial to allow Plaintiff to again amend his Complaint to name new defendants at this stage of the litigation. Any such motion for leave to amend would be denied.

Given that Plaintiff has not stated a plausible theory of recovery against the City of Dayton, the Court SUSTAINS Defendant's unopposed Motion for Judgment

---

[2] Fed. R. Civ. P. 4(m) was amended in December of 2015, to require service within 90 days from the date the Complaint is filed.

on the Pleadings Requesting Dismissal of Plaintiff's Claim for Punitive Damages, Doc. #61.

Date: December 19, 2016

_____
WALTER H. RICE
UNITED STATES DISTRICT JUDGE